CASE 69.—ACTION BY H. W. FERGUSON AND OTHERS
AGAINST BELLE COMBS WORRALL.—May 8.

# Ferguson, &c.. v. Worrall

Appeal from Jefferson Circuit Court: First
Chancery Division.

SHACKELFORD MILLER, Judge.

From a judgment dismissing their petition plain-
tiffs appeal. Affirmed.

1  Heirs and Devisees—Liability for Debts of Intestate—Estate
   Passing to Subsequent Heirs or Devisees—Effect—Under Ken-
   tucky Statutes, sections 2084, 2088 and 2073, an heir or devisee
   who receives property by devise or descent is liable, to the
   extent of the estate so received, for the liabilities of the tes-
   tator or intestate, and when such heir or devisee dies and
   the estate so received by him passes to his devisee or heir,
   it will be liable the same as if in the hands of the original
   devisee or heir.

2. Same—Payment by Heir or Devisee—Contribution—Necessity
   for Judgment Before Payment—Any heir or devisee who dis-
   charges the liability of his testator or intestate may have con-
   tribution from each of the other heirs or devisees in propor-
   tion to value of the estate that each has received, and if such
   liability is a valid and subsisting obligation, the heir or
   devisee may discharge it before judgment and seek contribu-
   tion, but in doing so he takes the risk of it being finally
   adjudged that it was a debt he might legally be compelled
   to pay.

3. Party Walls—Written Agreement—Covenant Running With
   Land—Where owners of adjoining lots made an agreement in
   writing, by which one of them agreed to build a party wall
   on the line between their lots, for which the other party
   was to pay one-half the costs thereof when used by him, such
   agreement constituted a covenant running with the land and

Ferguson, &c., v. Worrall.

the right to recover, and the obligation to pay, followed owner-
ship of the respective lots.

BURNETT & BURNETT for appellants.

BARNETT & BARNETT and P. T. NEWCOMB, of counsel.

### SUBJECTS AND AUTHORITIES.

1.   Devisee.   A devisee having paid a valid claim against his
testator, to save his devise, may maintain an action against the
residuary legatee, charged with the payment of debts of the
estate, or the sole devisee of said residuary devisee, charged like-
wise with the payment of debts, without asking or making con-
tribution.   (Ky. Statutes, sections 2074, 2088, 2084; Rubel v.
Bushnell, 91 Ky., 251; Lancaster v. Wolf, 110 Ky., 773; Buford v.
Pawling, 5 Dana, 283.)

2.   Covenant running with the land.   A covenant to run with
the land must convey some interest in the title or create a lien
on the land; otherwise it is a personal covenant, and a subse-
quent vendee is not chargeable.   (Cyc., vol. 11, p. 1080; Am. &
Eng. Ency. of Law, vol. 22, p. 255, 253; Jones Law Real Property,
sec. 799 and 800, 674, 675; Liston v. Barren, 40 Barb., 297; Kills
v. Helm, 56 Miss., 700; Squires v. Pinking, 13 N. Y. State, 749;
White v. Snyder, 2 Miles Penn., 395; Nalle v. Paggi, 9 S. W.,
205; Cyle v. Hughes, 54 N. Y., 444; Scott v. McMellan, 76 N. Y.,
141; Sebold v. Mulholland, 1555 N. Y., 455; Washburn Real Prop-
erty, vol. 2, p. 284; Ky. Statutes, 2358.)

O'NEAL & O'NEAL and ISAAC T. WOODSON, attorneys for
appellee.

### LEGAL PROPOSITIONS AND AUTHORITIES.

1.   A party who fails altogether in his proof cannot be heard
to complain, on appeal to this court, that his action was dismissed
in the court below.   The petition as to Isaac Hilliard was rightly
dismissed.

2.   A creditor of the testator's estate has no cause of action
against his heirs and devisees generally where the testator has
provided a sufficient fund for the payment of his debts by con-
stituting one person his residuary legatee.   Under such circum-
stances, other devisees paying a creditor's claim are mere
volunteers and cannot by such payment make themselves creditors
of the estate of the residuary legatee.   (Kentucky Statutes, sec-

tions 2073, 2074, 2076; Searcy v. Reardon, 3 Bibb, 529; Gardner v. Towsey, 3 Litt. 626; Lucas v. Marshall, 3 A. K. Mar., 247; Oden v. Elliott, 10 B. M., 315.)

3. Where heirs of a testator contest his will and receive by compromise, made with the sole devisee, a substantial part of his estate, and afterwards pay a debt or liability of the testator, they are themselves liable to contribute pro rata out of the assets so received; and when they have received a fund set apart for the payment of the debts owing by the estate greater in amount than the debt or liability of the testator s estate which they so pay, they are estopped to set up claim for contribution against the sole devisee who has conceded to them in addition to other property, the fund so set apart for the payment of debts. Having assumed the position of heirs and taken over the trust fund they are estopped to deny its application. (Am. & Eng. Ency of Law, vol 11, p. 446, sec. 6, subsec. 2 and b; Herman on Estoppel, vol. 1, p. 311, sec. 288, sec. 293, p. 246; Matter of Peaslee, 73 Hun. (N. Y.) 113; Fry v. Morrison, 159 Ill., 244; Keller v. Stanley, 86 Ky., 240; Hodges v. Winston, 95 Ala.; People's Mut. Assur. Fund v. Boesse, 290, Miller v. Asheville, 112 N. Car., 759; Polley v Polley, 82 Ky., 64.)

4. A covenant is said to run with the land when either the liability to perform it, or the right to enforce it, passes to the assignee of the land. The criterion for determining whether a covenant runs with the land is the intention of the parties; if the covenants are of such a nature that they can run with the land, and the deed expresses such an intention they bind not only the original parties but the subsequent owners. In order to create covenants running with the land, it is not necessary that the agreement should, in terms, purport so to do. (Bland's Adm'r v. Umstead, 11 Harris Pa., 316-17; Hazlett v. Sinclair, 76 Ind., 288; Gaines' Administratrix v. Poor, 3 Met., 506; Am. & Eng. Ency. of Law, vol. 22, 241, 250, 255-6; Jones on Real Property and Conveyancing, sec. 799; Jones on Easements. secs. 641, 643, 649, 650; Washburn on Real Property, vol. 2, sec. 1301; McChesney v .Davis, 86 Ill. App., 387; Richardson v. Tobey, 121 Mass., 459, and cases cited therein including Savage v. Mason, 3 Cushing, 500; Henry v. Koch, 80 Ky., 395; Ky. Cen. R. R. Co. v. Kenney, 82 Ky. 156; George Henry Flege v. Cov. and C. E. R. Co., 28 Ky. Law Rep., 1257; Warner v. Rogers, 33 Minn., 34; Pittsburg v. Morris, 54 Minn., 498; Standish.)

5. Whether or not the covenant in this case concerning the party wall constituted a covenant running with the land is a question of construction, and as the contract was in the nature of a grant and easement and servitude, the purchaser who used

Ferguson, &c., v. Worrall.

the wall was liable to pay the half of the cost of the wall, being a purchaser with notice   (Jones on Real Property and Conveyancing, sec. 799; Jones on Easements, sec. 641; Sicher v. Rambouck, Mo., 91 S. W., 68; Am. & Eng. Ency. of Law, vol. 22, p. 250, 255-6; Bland's Adm'r v. Umstead; Kj. Cen. R R. Co. v. Kenney, 82 Ky., 156; George H. Flege v. Cov. and C. E. R. Co., 28 Ky. Law Rep., 1257; Gains v. Poor, 3 Met., 506; Hazlett v. Sinclair, 76 Ind., 288; McChesney v. Davis 86 Ill. App., 387; Warner v. Rogers, 33 Minn., 24; Pittsburg v. Morris, 54 Minn.; Henry v. Koch, 80 Ky., 395; Washburn on Real Property, vol. 2 sec .1301.)

6. No one of the former owners can be held to make the payment.

7. The question is, was the use or continuance of this easement necessary for the supoort of the structure.   (Richardson v. Tobey, 121 Mass., 459; Henry v. Koch, 80 Ky., 395, and authorities above cited.  See also Burlock v. Peek, 2 Duer. N. Y., 98.)

OPINION OF THE COURT BY JOHN D. CARROLL, COMMISSIONER—Affirming.

In 1881 R. W. Ferguson and the Fondas, being owners of adjacent lots on Main street in the city of Louisville, entered into a written agreement duly acknowledged and recorded in the clerk's office of the Jefferson county court, by the terms of which the Fondas were to build a party wall on the boundary line between their respective lots; the contract further providing that "the party of the second part (Ferguson) is to pay to the party of the first part (Fonda) one-half the cost of said new party wall when the said new party wall is used in connection with any building or buildings to those at present existing on the lot of the party of the second part." R. W. Ferguson died in 1893, leaving a will, in which he devised a portion of his property to appellants, bequeathing the bulk of it including the lot on Main street to Allen L. Ferguson.  In 1902 Allen L. Ferguson died, having made a will giving all of his property

including this Main street lot to the appellee, Belle Combs Worrall. The heirs of Allen L. Ferguson contested his will, and in a settlement of the contest Mrs. Worrall conveyed with covenant of special warranty to the Columbia Finance & Trust Company, trustee for the contestants, certain property received by her under the will including this lot on Main street. It was further agreed that a judgment should be entered establishing the paper as the will of Ferguson, and that the Louisville Trust Company, executor of the will, should retain "sufficient amount to cover court costs of settlement suit, and any debts owing by the estate," and deliver to the contestants the remainder of the personal property. Afterwards the trustee sold the Main street lot to one Stockhoff, who used the party wall by erecting a new building thereon. Thereupon the Fondas instituted an action against the appellants, as devisees under the will of R. W. Ferguson, to recover one-half the cost of the party wall. Conceiving they were liable because they had received assets from the estate of R. W. Ferguson, appellants paid to the Fondas the amount claimed and instituted this action to recover the same from appellee. From a judgment dismissing their petition, this appeal is prosecuted.

In support of the judgment it is insisted by counsel for appellee that by the settlement made in the will contest case appellee was acquitted and discharged from the payment of any debts or liabilities that might be asserted against the estate of Allen L. Ferguson, as the settlement provided that the executor should retain sufficient funds to satisfy any debts against the estate, and the conveyance by her of the Main street lot was with covenant of special warranty, therefore only obligating her to protect the

title against any person asserting claim or interest under her; second, that the agreement between R. W. Ferguson and the Fondas was a covenant running with the land and only enforceable against the person who might own the land when the party wall was used, and that as the party wall was first used by Stockhoff he alone is liable to the Fondas under the contract. For appellants it is said that the claim of the Fondas for one-half of the cost of the party wall had not accrued at the time the settlement of the will contest was made, and was not in the contemplation of the parties, and hence not embraced by the stipulation that the executor should retain sufficient funds to satisfy debts against the estate; that the agreement between the Fondas and Ferguson was not a covenant running with the land, but a personal obligation on the part of Ferguson by which he agreed to reimburse the Fondas when the party wall was used; and that, as appellants received assets from the estate of Ferguson as devisees, they are liable for debts due by him, and, having paid these debts, the Fondas are entitled to contribution from appellee who received a portion of his estate.

Section 2084 of the Kentucky Statutes of 1903 provides: "A devisee shall be liable for all debts and liabilities of the testator in the same manner as the heirs of the testator would have been liable if the property devised had descended to the heirs." Section 2088 provides that "to the extent of assets received, the representative, heir and devisee of an heir or devisee shall be chargeable for the liabilities of their decedent or testator respectively to the creditors of the original decedent or testator." Section 2073, that "when any estate, real or personal, which has or shall be devised, shall be taken from the de-

visee for the payment of a debt of the testator, or
one of the devisees shall pay such debt to save his
devise, each of the other devisees shall contribute his
proportion of the debt, interest and costs to the per-
son so paying the same, according to the value
received by him, except as hereinafter provided.''
Under these sections, the devisee or heir who receives
by devise or descent property, is liable to the extent
of the estate received for the debts and liabilities of
the testator or intestate. And so to the extent of
assets received, if the heir or devisee dies and the
estate received by him from the testator passes to his
devisee or heir, it will be liable the same as if in the
hands of the original devisee or heir. Buford v.
Pawling's Ex'rs, 5 Dana, 283. And the heir or de-
visee who discharges the liability may have contribu-
tion from each of the others in proportion to the value
of the estate received.

We do not deem it necessary that, before the right
of contribution accrues, judgment shall be obtained
against the heir or devisee by the creditor. If the
debt or liability sought to be recovered is a valid and
subsisting obligation, the heir or devisee may dis-
charge it before judgment and seek contribution, but
in doing so he takes the risk of it being finally
adjudged that the debt or liability satisfied by him
was one that he might legally be compelled to pay.
If appellants were liable to the Fondas, they had the
right to discharge the liability before judgment was
obtained against them, and to seek contribution from
appellee, who was a devisee of Allen L. Ferguson,
provided she was not discharged from liability by
the agreement entered into in settlement of the will
contest. In the settlement she surrendered, and there
was retained by the executor of Allen L. Ferguson's

will, sufficient funds to satisfy all debts against his estate. This being true, we see no escape from the conclusion that appellee was by the settlement acquitted of the liability from the claim asserted by appellants. If this claim was not a debt due by the estate of Allen L. Ferguson growing out of the fact that he had received assets from R. W. Ferguson, thereby charging him with the payment of R. W. Ferguson's debts, it is clear that in no event could appellee as devisee be held liable, because she was only liable for debts due by the estate of Allen L. Ferguson. If this claim was a debt due by the estate of Allen L. Ferguson, she is also relieved from liability by the agreement made in the will contest exonerating her from the payment of the debts due by the estate of Ferguson. So that in no event could appellee be required to contribute to appellants.

In addition to this, we have reached the conclusion that the agreement between the Fondas and R. W. Ferguson was not the personal obligation of Ferguson, but a covenant running with the land. Hence the owner of the land when the party wall was used should pay to the Fondas one-half the cost of it. The contract between the Fondas and Ferguson was duly acknowledged and recorded, and Stockhoff, the purchaser, must be charged with notice of its terms. It was entirely optional with him whether or not he used the party wall. If he did use it, he assumed the burden of paying for the privilege the amount specified in the contract. If he did not see proper to use it, no obligation to refund to the Fondas any part of the expenses incurred in building it attached. The record does not disclose whether or not Stockhoff had actual notice of the existence of this contract between the Fondas and Ferguson, but that he did

have constructive notice there can be no doubt. No
one of the heirs or devisees of R. W. Ferguson
received any benefit or advantage from this party
wall, and, as the obligation entered into by Ferguson
did not impose any personal liability unless the wall
was used by him, it would be manifestly unjust to
require the devisees to pay for a party wall that
Stockhoff was the sole beneficiary of.

In 22 American & English Encyclopædia of Law, p.
255, it is said: "The parties may, however. by an
agreement which creates covenants attaching to and
running with the land, impose the promisor's obliga-
tion to contribute upon his successors in inteiest. In
such case, the promisor is not personally liable in
case no use of the wall is made by him, nor can he
be deemed to have guarantied payment by his grantee
in case the latter uses the wall." It is further said:
"A covenant is said to run with the land when either
the liability to perform it or the right to enforce it
passes to the assignee of the land. The criterion for
determining whether a covenant runs with the land
is the intention of the parties. In order to create
covenants running with the land, it is not necessary
that the agreement should in terms purport so to do.
Such an agreement creates an equitable charge on the
land of the promisor in the hands of the grantee,
which may be enforced by an appropriate equitable
proceeding, or the grantee may be held liable in a
personal action. Though the equitable lien continues
against the property in the hands of the grantee of
one who made use of the wall, there is no personal
liability against the grantees or assigns of the origi-
nal covenantors, except the one who first used the
wall." To the same effect is Jones on Easement,
section 671; Kimm v. Griffin, 67 Minn. 25, 69 N. W.

634, 64 Am. St. Rep. 385; Burr v. Lamaster, 30 Neb. 688, 46 N. W. 1015, 9 L. R. A. 637, 27 Am. St. Rep. 428. In 11 Cyc. p. 1080, it is said: "Whether a covenant will or will not run with the land does not, however, so much depend on whether it is to be performed on the land itself, as on whether it tends directly or necessarily to enhance its value or render it more beneficial or covenient to those by whom it is used or occupied. For, if this be the case. every successive assignee of the land will be entitled to enforce the covenant." In Jones on Easements, section 668, it is stated: "While the authorities are not altogether harmonious with respect to the legal effect of covenants and agreements providing for the construction of party walls between adjacent proprietors, yet the decided weight of authority establishes the position that an agreement under the hands and seals of such parties containing the usual covenant and stipulations will, when duly delivered and acted upon, create cross-easements in the respective owners of adjacent lots with which the covenants in the agreement will run, so as to bind all persons succeeding to the estates to which such easements are pertinent."

In a note to Geiszler v. De Graaf, 82 Am. St. Rep. 659, the editor says: "The fundamental distinction between real and personal covenants is that the former run with the land inuring to the benefit of or becoming binding upon subsequent grantees, while the latter do not run with the land, but are binding only upon the covenantor and his personal representatives and in favor of the covenantee. It is an essential reality, having for its chief object something annexed to, inherent in, or connected with land or other real property," Morse v. Garner, 1 Strob. (S. C.) 514,

47 Am. Dec. 565. We have examined a number of decisions, and find that the question of whether or not agreements respecting party walls are covenants running with the land, or personal undertakings of the parties who entered into the contract, and there is irreconcilable conflict between them; but the better reason is with the authorities holding that contracts similar to the one under consideration are covenants running with the land upon which the grantee or assignee of the builder may recover, and upon which the grantee or assignee of the covenantor is liable.

In the case before us the contract between the Fondas and Ferguson was not personal to them, nor did it terminate with their lives, or their use or ownership of the property. The wall erected on the boundary line was intended to be and was a part of the freehold, permanently established and intended to remain for the use and benefit of future owners of the lots. The contract did not restrict the right to use the wall to R. W. Ferguson, nor did it limit the right to exact payment to the Fondas. It imposed upon the party who used the wall, whoever that might be, the obligation to refund to the Fondas one-half the cost of it. Under this contract Ferguson, or any vendee however remote from him, had the right to demand the use of the wall upon the payment to the Fondas of one-half the cost. And so any vendee of the Fondas would have the right to exact from any person using the wall one-half the cost of its construction. The wall was designed to enhance and make more convenient the use of both the lots. Each of the adjacent owners had a defined fixed interest in the wall. It was as firmly attached to and a part of each lot as any building erected on either of them could be. And the benefits and burdens

attaching to the wall following the ownership of the respective lots. Under these circumstances it is difficult to perceive how it can be maintained that the obligation to pay for one-half the wall was a debt against the estate of R. W. Ferguson, and not a liability assumed by the vendee who first used the wall. It therefore follows that appellants were not liable to the Fondas for any part of the cost of the party wall, and hence have no claim for contribution against the other heirs or devisees of Ferguson.

The judgment of the lower court is affirmed.