MEADOWS *v.* PAGE.

No. 12611. FEBRUARY 16, 1939. REHEARING DENIED MARCH 10, 1939.

*Duncan Graham* and *Lankford & Rogers,* for plaintiff in error. *Sharpe & Sharpe* and *B. P. Jackson,* contra.

DUCKWORTH, Justice. E. L. Meadows brought suit against B. R. Page and J. E. Taylor, alleging as follows: He is the owner of

described land in the City of Vidalia, on which has been erected a two-story brick building. B. R. Page is the owner of an adjoining tract on which has been erected a one-story brick building, which building has been joined onto the wall of the building owned by plaintiff. On January 1, 1925, the plaintiff entered into a verbal agreement with S. B. Meadows, who at that time was the owner and in possession of the adjoining lot now owned by Page; by the terms of which agreement it was contracted between the plaintiff and Meadows that plaintiff would build a twelve-inch brick party wall upon the line of the said two lots or tracts of land, one half of said wall to rest on the west side of the tract owned by plaintiff, and one half to rest on the east side of tract owned by Meadows, and Meadows agreed that when and if he should use the wall in connection with any building on the tract of land owned by him, he would pay plaintiff one half of the cost of said wall. It was agreed and understood that the plaintiff should bear the full cost of the wall at the time, but that it would be built for the benefit and use of both tracts of land, and that in the event Meadows or any successor of his in title should place a building on his tract, and use said party wall in connection with such building, then Meadows or his successor, as the case might be, would pay plaintiff one half the cost of said wall. In accordance with such agreement, in 1925 the plaintiff built the wall contracted for, placing one half of it on the tract owned by himself and one half on the tract owned by Meadows; and the plaintiff has been the owner continuously in possession of his tract of land since the date of said agreement. On July 8, 1926, S. B. Meadows sold and conveyed by warranty deed his tract of land to Mrs. E. O. Meadows, the deed containing the following language: "It is expressly covenanted by the grantee herein that she will pay one half of the initial cost of the brick wall on the west side of the two-story building belonging to E. L. Meadows, which abuts the lot herein conveyed, one half of said brick wall being erected on the lot herein conveyed."

On October 1, 1935, Mrs. E. O. Meadows sold and conveyed the same land to B. R. Page, and on January 30, 1936, Page conveyed the same tract to J. E. Taylor to secure an indebtedness of $3000. Said tract remained vacant until January 15, 1936, on which day defendant Page began the erection thereon of a one-story building which is now complete. Page attached his building to the west side

of plaintiff's building, and is using said party wall as the east wall of his building. When plaintiff learned that Page was considering the purchase of said land, he informed him of the agreement under which the party wall was built, and explained that if Page purchased said tract and joined another building to the party wall he would be expected to pay one half the cost of said wall, to which Page agreed. Page refuses to pay for one half of said party wall. Taylor had actual knowledge, before taking his security deed, that the party wall was in the possession of the plaintiff, and was charged with notice of the agreement above referred to, and that the initial cost of the party wall was $1400. The plaintiff prayed for judgment against Page for one half of the cost of said wall, and for a special lien against the land belonging to Page on which half of the wall rests. By amendment the plaintiff alleged that he relied upon the promise of Page to pay for one half of said wall, and for that reason did not require Page's grantor to put in the deed to Page a requirement to that effect and showing that the exact cost of said wall was $1563.87; and that Mrs. E. O. Meadows had notice and knowledge of the parol agreement between plaintiff and S. B. Meadows relative to the party wall.

Page filed general demurrers to the petition, which were overruled. Page answered, denying the material allegations of the petition. On the trial there was evidence which, if believed, would have sustained the material allegations of the petition. The jury rendered a verdict in favor of the defendant. A new trial was denied, and the plaintiff excepted.

█ Two grounds of the motion for new trial complained of excerpts of the charge which in effect confined the jury to a determination of the sole issue as to whether or not Page made an agreement with plaintiff whereby he obligated himself to pay plaintiff for one half of the party wall, and instructed them that notice, either actual or constructive, of the alleged parol agreement between plaintiff and S. B. Meadows would not be binding on Page, and that they should not consider that agreement. It is contended that these instructions withdrew from the jury the real issues made by the pleadings and evidence, and the actual basis upon which the suit is founded. "There is a sharp conflict in judicial opinion upon the question whether a party-wall agreement is a covenant that runs with the land. The majority of the decisions, however,

hold that a party-wall agreement imposing an obligation to build or contribute to the cost of building a party wall is in the nature of a covenant running with the land, which binds the grantees and assignees of the parties to the covenant." 14 Am. Jur. 506, § 30. While there is some conflict in other jurisdictions, the decisions of this court are in harmony in holding that such an agreement, if in writing and recorded, is a covenant that runs with the land and is binding upon all subsequent owners thereof. *Howard Manufacturing Co.* v. *Water Lot Co.,* 53 *Ga.* 689; *Taylor* v. *Dyches,* 69 *Ga.* 455; *Ainslie* v. *Eason,* 107 *Ga.* 747 (33 S. E. 711). In *Horne* v. *Macon Telegraph Publishing Co.,* 142 *Ga.* 489 (83 S. E. 204, Ann. Cas. 1916B, 1212), quoting from 1 Jones on the Law of Real Property in Conveyancing, § 799, this court said: "Thus, an agreement under seal between adjoining lot owners, for themselves, their heirs and assigns, acknowledged and recorded, and providing that either party may build a party wall, one half on the land of each, and that whenever the other party uses the wall so built he or she shall pay one half the cost of its erection, is a covenant running with each lot. Such an agreement creates an agreement of use and support in favor of each lot owner and his successors in title in the half of the wall which stood on the other lot, and in the land under the same. Each lot of land becomes entitled, therefore, to the benefits and subject to the burdens arising from the covenants contained in the agreement, and relating to the erection and maintenance of the wall. They inhere in and belong to it. . . The burden as well as the benefit of the covenant passes with the land. The grantee of the covenantor is personally liable on such covenant running with the land, if he is the first to use the wall. A grantee not using the wall is not liable to a personal judgment on the covenant, but this creates an equitable lien or charge upon the land, and the only remedy, aside from the personal liability of the party using the wall, is a judgment to enforce such lien." Compare *Atlanta, Knoxville & Northern Ry. Co.* v. *McKinney,* 124 *Ga.* 929 (53 S. E. 701, 6 L. R. A. (N. S.) 436, 110 Am. St. R. 215).

But we are here dealing with a verbal agreement; and to give this agreement the same dignity and binding effect as a writing under seal, duly recorded, it must appear that it has been executed by one of the parties and in so doing he has incurred expense. Code, § 85-1404; *Sheffield* v. *Collier,* 3 *Ga.* 82; *Southwestern Rail-*

*road* v. *Mitchell,* 69 *Ga.* 114 (2); *City Council of Augusta* v. *Burum,* 93 *Ga.* 68, 74 (19 S. E. 820, 26 L. R. A. 340); *Rindge* v. *Baker,* 57 N. Y. 209 (15 Am. R. 475). It must also appear that subsequent grantees took with notice of the agreement. Such a verbal agreement is enforceable to the same extent as if written. The petition in the instant case alleging that agreement and performance by the builder by which he incurred expense, and notice to each of the grantees of the non-builder, including Page, and there being evidence to support such allegations, the same should have been submitted to the jury. The charges complained of were error. In *Rawson* v. *Bell,* 46 *Ga.* 19, the facts were very similar to those in the instant case, with the material exception that in that case the parties to the verbal agreement understood and intended that the non-builder attach a building to the wall and pay one half the cost of the portion of the wall used by him, whereas in this case it was not obligatory upon the non-builder or his successors in title to attach a building to the wall; but if and when he or they should build and attach such building to the wall, they were obligated to pay one half the cost of the entire wall. In that case the non-builder was made to pay his share of the cost of the wall, upon the ground that his agreement required him to build and pay, and by divesting himself of title to the adjoining lot he rendered himself unable to build, thus breaching his contract and becoming liable thereunder. That case is not in conflict with what is here ruled. If a person purchases a lot on which is located one half of a party wall built by the owner of an adjoining lot, with notice, either actual or constructive, of a contract between his predecessor in title and such adjoining lot owner that his predecessor will pay one half of the cost of constructing the wall when he shall use it, it is generally agreed that such purchaser is liable for the amount agreed to be paid by his predecessor in case the purchaser makes use of the wall. This is especially true when the agreement stipulates that the covenants therein shall be binding upon the heirs and assigns of the non-builder. 20 R. C. L. 1103, § 26; Sharp *v.* Cheatham, 88 Mo. 498 (57 Am. R. 433); Ferguson *v.* Worrall, 125 Ky. 618 (101 S. W. 966, 9 L. R. A. (N. S.) 1261); Burr *v.* Lamaster, 30 Neb. 688 (46 N. W. 1015, 9 L. R. A. 637, 27 Am. St. R. 428).

■ The other special grounds assign error on the charge to the jury or on the failure to charge; and these assignments are fully

covered by the rulings in the preceding division of this opinion.

■ Since the case will be tried again, no ruling will be made on the general grounds of the motion for new trial.

*Judgment reversed.* *All the Justices concur, except Atkinson, P. J., dissenting.*