ATKINSON *v.* ENGLAND *et al.*

No. 14151.   NOVEMBER 12, 1942.

*Tye, Thomson & Tye,* for plaintiff in error.

*Virlyn B. Moore Jr., Brandon, Tindall, Matthews & Smith,* and *Mitchell & Mitchell,* contra.

REID, Chief Justice. 1. It may be stated at the outset that the character of the restriction to be dealt with is not here involved. The correctness of the judge's ruling in granting the injunction turns upon whether there was in fact a restriction by the grantor and whether the grantee, Atkinson, had notice of it. The efforts by the joint owners by their covenant in writing to establish a restriction is not important, except for a recital in it which has been quoted and will later be mentioned. This is true because Atkinson's grantor was not a party to it. She undertook to convey to him a fee-simple title without the burden of any restriction, and there was nothing in any muniment of his title which gave him either actual or constructive notice of any restrictions.

"It can not be denied that a general building scheme in a subdivision for the purpose of selling lots under restrictions is binding and enforceable, though not embraced in the deeds. *Phillips* v. *Ingram,* 163 *Ga.* 580, 586 (136 S. E. 785)." *Jones* v. *Lanier Development Co.,* 188 *Ga.* 141 (2), 147 (2 S. E. 2d, 923). In *Phillips* v. *Ingram,* supra, the court said: "We are of the opinion that the court did not err in admitting the evidence objected to. The petition alleged that at the time of the subdivision of the property the Cobbs Land Co., in order to sell lots therein to better advantage and for better prices, placed certain restrictions on all of the property, as set out in the petition, and intended to, and did, establish, with reference to said property, a general building scheme and development plan, and thereby induced plaintiffs and many others to purchase lots in said subdivision. See *Hancock* v. *Gumm,* 151 *Ga.* 667 (107 S. E. 872, 16 A. L. R. 1003); *Rosen* v. *Wolff,* 152 *Ga.* 578 (110 S. E. 877). It has been held that restrictions under a general plan adopted by the owner to sell lots may in equity be imposed on the lands, beyond the express restrictions contained in the deeds to the purchaser, on the theory of im-

plied covenants; and that in a proper case equity will enforce against the covenantor's grantee a personal covenant imposing restrictions on the use of land contained in the grant thereof. 15 C. J. 1218, § 14. The following general statement of this principle is found in the annotation to the case of Jennings v. Baroff, 104 N. J. Eq. 132 (144 Atl. 717, 60 A. L. R. 1219-1231) : "Where a general scheme of development exists, the grantees of lots subject thereto may enforce the restrictions against each other, although such restrictions are not embraced in the defendant's conveyance, where the owner sought to be subjected to the restrictions purchased with notice thereof. Enderle v. Levine Bros., 102 N. J. Eq. 569 (141 Atl. 758) ; Rose v. Jasima Realty Corporation, 318 App. Div. 646 (219 N. Y. Supp. 222) ; Bailey v. Jackson-Campbell Co. (1926), 191 N. C. 61, 131 S. E. 567; West v. Hughes (1925), 58 Ont. L. Rep. 183 (1926), 1 D. L. R. 359. See Hill v. Trigg (1926) (Tex. Civ. App.), 272 S. W. 237 (reversed in 1926,. (Tex.), 286 S. W. 182), and also cases set forth above." See also Jones v. Lanier Development Co., 190 Ga. 887 (11 S. E. 2d, 11).. The foregoing principles would unquestionably apply in the instant case if the alleged restrictions had been established by an owner who was a common grantor, or if they had appeared either in the conveyance held by the grantee or some conveyance in his chain of title. Other questions may ultimately appear on the final trial of the case, arising from the fact that the only claim of participation in any restrictive covenant, by Mrs. Shreve, Atkinson's grantor, rests now on the affidavit that she as one of the purchasers from the Coursey estate (orally) agreed to keep the claimed restrictions. Whether, if otherwise valid, such a covenant of restrictions between joint owners of separate parcels of property is required to be in writing, under the Code, §§ 29-101, 20-401, or whether in such circumstances some other manifestation of the agreement would be sufficient (see Meadows v. Page, 187 Ga. 686, 1 S. E. 2d, 656), in the instant case the judge was authorized to find that such original oral agreement had in fact been established, and that Atkinson was notified of it before paying the purchase-price or constructing his house on the property. Gleaton v. Wright,. 149 Ga. 220 (100 S. E. 72) ; Donalson v. Thomason, 137 Ga. 848 (74 S. E. 762). There was no objection to testimony as to the making of this agreement, upon the ground that it was required.

to be in writing; nor was that point made in any way at any time of the trial, by pleadings or otherwise.

It is contended, however, that the recital in the later agreement, which was signed by the plaintiffs, to the effect that use of the property had not been hitherto restricted, estopped them from now relying upon the previous restrictions represented in the original agreement. As we view this recital, it is not sufficient to estop the plaintiffs from making their present contention. It does not appear that Atkinson knew of the recital or agreement or acted upon it; in addition to this, the recital in making reference to prior restrictions referred only "to the use thereof;" and since the restrictions imposed in the writing differed somewhat in character from that which had been set up in the original agreement and also embraced a larger area of land, it could not be conclusively determined that the prior agreement was wholly disclaimed. This recital might be quite pertinent upon the final trial of the issues, where the fact of the prior agreement will be in issue; but we do not see in it an absolute estoppel.

Upon the consideration of the granting of a temporary injunction, the judge is not required to resolve all of the fine points or nice distinctions in a case; and while we do not overlook the rule, in cases which seek to impose or enforce restrictions on the use or alienation of property, that a preponderance of the evidence is not sufficient, but must be proved beyond a reasonable doubt (*Kitchens* v. *Noland,* 172 *Ga.* 684, 158 S. E. 562; *Randall* v. *Atlanta Advertising Service,* 159 *Ga.* 217, 218, 125 S. E. 462; *Atlanta Association of Baptist Churches* v. *Cowan,* 183 *Ga.* 187, 188 S. E. 21; *Jones* v. *Lanier Development Co.,* 190 *Ga.* 887, 889 (3), 890, supra), nevertheless this rule is to be applied upon the final disposition of a case before a jury.

In *Jones* v. *Lanier Development Co.* supra, this court said: "The grant or denial of a temporary injunction rests in the sound discretion of the judge, according to the circumstances of each case (Code, § 55-108); and where the evidence is conflicting, his decision will not be reversed, unless it is apparent that he has abused the discretion which the law gives him. *Sapp* v. *Ritch,* 169 *Ga.* 33 (3) (149 S. E. 636); *Gilstrap* v. *Palmour Hardware Co.,* 170 *Ga.* 27 (152 S. E. 53); *Murrell* v. *North London Fine Art Co.,* 173 *Ga.* 224 (160 S. E. 343); *Holland Pecan Co.* v. *Brown,* 177

860

*Ga.* 525 (170 S. E. 357); *Traylor* v. *Peoples Bank of Carrollton,* 179 *Ga.* 895 (3) (177 S. E. 702). But, in determining whether or not there has been an abuse of discretion, the convenience of the parties can not be ignored. In *Everett* v. *Tabor,* 119 *Ga.* 128 (4, 5) (46 S. E. 72), it was said: "There should be a balance of conveniences in such cases, and a consideration whether greater harm might be done by refusing than by granting the injunction. . . Where the evidence is conflicting, and it appears that the injunction if granted would not operate oppressively to the defendant, but that if denied the complainant would be practically remediless in case he should thereafter establish the truth of his contentions, it would be strong reason why the chancellor should exercise his discretion so as to preserve rights by preserving the status.' Furthermore, a conflict in evidence upon the hearing, which would authorize the judge to either grant or deny the injunction, must be a conflict in the evidence on material issues in the case. Where the plaintiff shows grounds for the grant of an injunction and shows that unless injunction is granted he will suffer irreparable injury, and there is conflict in some immaterial issues made in the case, it is error to refuse an interlocutory injunction to restrain the defendant. *Robinson* v. *Bryant,* 181 *Ga.* 722 (184 S. E. 298)." The principle stated in *Everett* v. *Tabor,* supra, with reference to the balance of conveniences may well be applied in the case before us. By preserving the status, which the trial court has done, opportunity is given for a more careful investigation to be had at the trial, and for the jury to determine the issue of fact before the position of the parties has been changed and irreparable injury is effected. So, considering the evidence in the present record, we conclude that the judge did not err in granting the interlocutory injunction.

*Judgment affirmed. All the Justices concur, except Hewlett, J., disqualified.*