John F. Doran et al., Appellees, v. Beatrice M. Graham, Appellant.

## Gen. Nos. 21,217, 21,442.

1. DEDICATION, § 25*—*when plat sufficient.* A plat containing building line restrictions *held* to substantially comply with the statutes (Rev. Stat., ch. 109, and ch. 115, sec. 13, J. & A. ¶¶ 8517-8526, 9110).

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CXCV5.

2. Dedicatiqn, § 33*—*when common-law dedication exists.* Where property is subdivided and a plat made thereof which does not comply in every respect with the statute, but which is recorded, there is a common-law dedication, and if the owner of lots designated on such plat conveys according to the description contained in the plat and by reference thereto, he adopts the plat with all its dedications, and he and those who succeed to his title are estopped to deny such dedication.

3. Deeds, § 140*—*when restriction as to use of property is created.* Where a deed refers to a plat or subdivision, such plat and all the particulars shown thereon are as much a part of the deed as though they were recited in it.

4. Frauds, Statute of, § 29*—*when statute does not apply.* The Statute of Frauds (Rev. Stat., ch. 59, sec. 2, J. & A. ¶ 5868), does not apply where a grantee of property seeks to avoid building restrictions contained in the plat of the property purchased, on the ground that such plat was not signed by the grantee.

5. Deeds, § 144*—*when restrictions in deed are binding.* If a deed refers to a plat that contains building line restrictions, such restrictions are binding on the grantee, though the latter does not sign the plat or the deed, and when the owner of land sells the same, he may insert in the deed of conveyance such terms and conditions as he pleases touching the mode of enjoyment and use of the land, and if they are not objectionable in law, they will be binding on the grantee who accepts such deed, although the latter does not sign the deed.

6. Dedication, § 78*—*what building restrictions may be inserted in plat.* The owner of property platting the same may insert in the plat binding restrictions as to the character of structures which may be erected on the property.

7. Deeds, § 145*—*what is effect of deed containing restrictions.* Where a deed refers to a recorded plat containing building line restrictions, such restrictions, if they are not objectionable in law, are binding on the grantee who accepts the deed.

8. Injunction, § 202*—*when demurrer necessary.* In the absence of a demurrer, defendant has the right to challenge a bill for an injunction in matters of substance only.

9. Injunction, § 192*—*when writ will issue.* A writ of injunction preventing the erection of a flat or apartment building, *held* warranted by a bill showing that such building was prohibited by the plat; which was binding on defendants as grantees of property contained in such plat.

10. Injunction, § 206*—*what evidence is inadmissible.* In a suit to enjoin the erection of flat buildings contrary to restrictions imposed

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

upon the grantee of the land, certain building ordinances of the city, defining "flat buildings" and "apartment buildings," did not apply.

11. INJUNCTION, § 205*—*when finding of chancellor is justified by evidence.* In a suit to enjoin the erection of flat buildings contrary to the restrictions imposed upon a grantee of land, a finding of the chancellor that the buildings to be erected were flats or apartments was justified by the evidence, although the plans were designed to conceal the real character of the structure to be erected.

12. INJUNCTION, § 251*—*when enjoined party cannot complain of subsequent order broader in scope.* Where a grantee of land, enjoined from erecting a flat or apartment building thereon, proceeded with the erection of such building in accordance with plans substantially the same as those mentioned in the writ of injunction, she could not complain of a subsequent order of the chancellor enjoining the defendant from using the partial structure as the basis for any work of construction, since such order was necessary to protect the rights of complainants and was brought about by the defendant's conduct.

13. BUILDING RESTRICTIONS AND REGULATIONS, § 3*—*when restriction not waived.* Evidence *held* not to show waiver of building restrictions prohibiting the erection of flat buildings in a certain subdivision.

Appeals from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the December term, 1914. Affirmed. Opinion filed October 6, 1915.

HEBEL & HAFT, for appellant.

HUGH O'NEILL, P. H. O'DONNELL and THOMAS J. LAWLESS, for appellees.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

These two appeals have been consolidated for hearing in this court by written stipulation of the parties.

On November 24, 1914, the appellees, hereinafter called the complainants, filed a bill for an injunction in the Superior Court of Cook county against the appellant, hereinafter called the defendant, to enforce certain alleged building restrictions, contained in a certain plat of real estate located in Cook county, Illinois, and known as Albion Subdivision. The bill and the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CXCV 6.

amendment thereto, filed December 1, 1914, alleged, *inter alia,* that each of the complainants was the owner of one or more lots in the said subdivision and that the defendant, Beatrice M. Graham, was the owner of Lot 7 in said subdivision; that Bernard F. Weber, the owner of the said land, afterwards known as Albion Subdivision, caused the same to be surveyed, platted and subdivided, and afterwards, on October 19, 1906, caused said plat to be placed of record under the name and style of Albion Subdivision; that the certificate of the owner on said plat is in words and figures as follows:

"I, Bernard F. Weber, owner, * * * do hereby certify that I have caused the said premises to be platted and resubdivided as shown by the above plat into lots with building lines and restrictions as shown thereon and that all the deeds or other conveyances of any part of said lands and premises hereafter to be made, referring to any map or plat of the premises above platted or any part thereof, shall have reference to the above plat or map and to the future subdivision of the same, that all the spaces between the front lines of said lots and the building line twenty-five (25) feet distant from such front line shall be kept free from buildings of any kind or nature and no buildings of any kind or description or appurtenances thereto shall ever be erected between said building line and the front line of each and every lot heretofore mentioned. *That no flat buildings or apartment buildings shall be erected on any of the aforesaid lots within the limits of the above described subdivision;* that only one residence building shall be erected on every thirty-three and one-third (33-1/3) front feet of ground and no residence shall be erected on any part of said premises of a less value or cost than five thousand dollars ($5,000), but this restriction shall not bar the erection of a barn or outhouse in the rear of any residence.

"Given under my hand and seal this 12th day of October, A. D. 1906.

"BERNARD F. WEBER, Owner."

That thereafter the complainants and the defendant, Beatrice M. Graham, derived fee-simple title by deed from Bernard F. Weber, the owner; that complainants and the defendant took title to said lots subject to the covenants, conditions and restrictions appearing in said plat and the certificate thereto; that the lots in said subdivision were intended to be and were put on the market and sold as residence lots; that the lots of the complainants and the defendant were afterwards conveyed to the complainants and the defendant with the intention and purpose that the same should be and remain residence lots, upon which no flat buildings or apartment buildings should be erected; that twenty of the lots affected by the restrictions appearing in the certificate of the plat have been purchased and improved by the owners; that in each and every instance all the restrictions, covenants and conditions mentioned in said plat and the certificate thereto have been observed and adhered to; that relying on the validity of the said restrictions, eleven of the complainants have erected private homes upon their respective lots; that in violation of the said restrictions the defendant intends to construct a flat building or apartment building on Lot 7 in said subdivision, and with that end in view is now engaged in excavating for the footings and foundations of the said building; that the said proposed building, when finished, would be unsightly and would spoil the appearance of said subdivision and utterly defeat the purpose for which it was made; that if said building were erected as proposed, it would greatly depreciate the market value of the property of the complainants, and would entail irreparable loss and damage to the complainants. The bill prayed that the defendant be enjoined and restrained from erecting the flat or apartment building, or a building or structure which is apparently designed like a residence but is intended to be used as a flat building or an apartment building. On motion of the complainants, the

chancellor granted a writ of injunction against the defendant in accordance with the prayer of the bill. The defendant appealed from this order, entered December 1, 1914, to this court, General Number 21,217.

On December 5, 1914, the complainants filed a petition alleging that the defendant was violating the order of December 1, 1914, and praying for a rule on the defendant and one Strobehn to show cause why they should not be attached for contempt of court, for violating the said order. The defendant filed an answer to the petition, and thereafter testimony was taken by the chancellor in the matter of the said petition, and the chancellor thereupon entered an order enjoining and restraining the defendant from erecting a flat or apartment building on said Lot 7, ''and from using that portion of the building which has been erected by the said defendant, Beatrice M. Graham, in violation of the injunction of this court as aforesaid in the erection or as a basis for the erection of any building upon said premises, until this court in chancery sitting shall make other order to the contrary.'' The defendant appealed from this order to this court, General Number 21,442.

The defendant contends that in many essential particulars the plat in question does not comply with the law (chapter 109, Hurd's Rev. Stat., J. & A. ¶¶ 8517-8526, and section 13, ch. 115, Hurd's Rev. Stat., J. & A. ¶9110) and that it is therefore without any binding effect on her. Many of the objections made to the plat by counsel are of the most technical and hypercritical kind. After a careful consideration of all of them we are satisfied that the plat is in substantial compliance with the statutes. But, even if it be conceded that it does not comply in every respect with the statutes, the defendant, under the facts of this case, is estopped to deny that the plat is binding upon her. ''Where property is subdivided and a plat made thereof which does not comply in every respect with the statute, but which

is recorded, there is a common-law dedication, and if the owner of lots designated on such plat conveys according to the description contained in the plat, and by reference thereto, he adopts the plat with all its dedications, and he, and those who succeed to his title, are estopped to deny such dedication." *Marshall v. Lynch,* 256 Ill. 522-526; *Ingraham v. Brown,* 231 Ill. 256. Many other cases to the same effect might be cited. It is clear that the facts of the present case bring it within the above rule. It must be also noted that not only did Weber convey the lots on the plat according to the descriptions contained in the plat, and by reference thereto, but in the deed from Weber to the defendant the following is found: "Subject to taxes and special assessments subsequent to the year A. D. 1913, *also to buildings and building line restrictions of record."* It is the law in this State that where a deed refers to a plat or subdivision, the plat and all the particulars shown thereon are as much a part of the deed as though they were recited in it. But in the present case, however, we find express reference made in the deed to restrictions appearing of record. The alleged building restrictions that the defendant now seeks to avoid were, at the time she accepted the deed from Weber, of record, and were a part of the plat that formed a link in the chain of defendant's title, and it would be highly inequitable, under all the facts of this case, to permit the defendant to assert that the plat was without any binding effect upon her.

The defendant contends that "the alleged restrictions are in violation of the Statute of Frauds (section 2, ch. 59, Hurd's Rev. Stat., J. & A. ¶ 5868), and is therefore void." The defendant argues that the declaration of restrictions, made by Weber in the plat, is in violation of the Statute of Frauds because she did not sign the same. We fail to see what possible bearing the Statute of Frauds has upon the question as to whether or not the alleged restrictions are binding upon the de-

fendant. This is not an action brought to charge any person upon any contract for the sale of lands, etc. Moreover, if a deed refers to a plat that contains building line restrictions, the restrictions are binding on the grantee, although the latter does not sign the plat, or the deed, and, when the owner of land sells the same, he may insert in the deed of conveyance such terms and conditions as he pleases, touching the mode of enjoyment and use of the land, and if they are not objectionable in law, they will be binding on the grantee, who accepts such deed, although the latter does not sign the deed. It is unnecessary to cite authorities in support of these well-known propositions of law. It would seem to be clear that there is no merit in the present contention of the defendant.

The defendant contends that Weber had no right, under the statute, to insert the alleged restrictions in the plat, and that they are, therefore, not binding upon the defendant. No authority is cited that sustains this contention. It must be conceded, however, that there is apparently but little law, *pro* or *con*, on the subject. In the well-known case of *Moulton v. Perry,* 2 Ill. Cir. Ct. 510, Judge Tuley, a very able and experienced chancellor, held contrary to the present contention of the defendant. Where a deed refers to a recorded plat that contains building line restrictions, the restrictions, if they are not objectionable in law, are binding on the grantee, who accepts the deed, and there would, therefore, seem to be no good reason, in principle, why the owner cannot create binding building restrictions of the kind in question in this case by making such restrictions a part of the plat, as was done by Weber in the present instance. The plat was made and recorded by the owner of the property and all the lots designated thereon were sold and conveyed by reference to the plat, and the defendant's deed, in addition, contained the express provision that the property was sold "subject to taxes   *   *   *   also to buildings and

building line restrictions of record.'' In a court of equity, at least, Weber would not be allowed to escape the effect of the restrictions by asserting that he had no right to insert them in the plat, nor should the defendant, under the facts of this case, in a court of equity, be heard to say that the said restrictions are not binding upon her because Weber had no right to insert them in the plat.

The defendant contends that ''the bill and alleged amendment thereto do not state sufficient facts to warrant the order of December 1, 1914.'' In the absence of a demurrer, the defendant has the right to challenge the bill in matters of substance only. We have carefully read the bill and the amendment to the same, and we think that it did state sufficient facts to warrant the said order. In this connection it must be remembered that the defendant has, by stipulation, waived ''the point that the injunction order entered in case No. 21,217 is invalid because perpetual in form.''

Over the objection of the complainants, the chancellor admitted in evidence, on motion of the defendant, certain building ordinances of the city of Chicago, and the defendant contends that the trial court, on the hearing upon the petition of the complainants, erred in not holding that the said ordinances controlled the meaning of the terms, ''flat buildings'' and ''apartment buildings,'' and that the trial court further erred in not holding, because of the said ordinances, that the building planned by the defendant, and of which the complainants were complaining, was the plan of a private residence and not a plan of a flat building or an apartment building. We have read the ordinances in question and we do not think that they have any application to the present case.

The defendant contends that the evidence clearly shows that the proposed building of the defendant is not a flat or apartment building. The chancellor decided the issue of fact, as to the character of the pro-

posed building, against the defendant, and after a very careful examination of all the evidence bearing upon the question, we are satisfied that the chancellor was clearly justified in his finding. The building plans of the defendant were designed to conceal the real character of the structure to be erected, but a careful inspection and study of the said plans show that the proposed building is a flat or apartment building.

The defendant contends that it was error for the chancellor, in the order of January 14th, "to enjoin the defendant from using the partial structure on the lot in question for the erection of a private residence." The language of the order complained of is: "And from using that portion of the building which has been erected by the said defendant, Beatrice M. Graham, in violation of the injunction of this court as aforesaid, in the erection, or as the basis for the erection of any building upon said premises, until this court in chancery sitting shall make other order to the contrary." The chancellor also found in the said order that after the entry of the order of December 1, 1914, and after the defendant had knowledge of the same, and after service upon her of a writ of injunction, issued pursuant to said order, the defendant, through her agents, servants and employees, proceeded with the erection of the building in question, in accordance with plans that were substantially the same as were mentioned in the said writ of injunction, and the chancellor further found that the portion of the building, erected by the defendant, after notice and service of said injunction order of December 1, 1914, was erected in violation of the said order, and in violation of the rights of the complainants. It therefore appears that the chancellor was obliged to enter the order in question to protect the rights of the complainants. The defendant may have no right to use that portion of the building which was erected in violation of the injunction and in disregard of the rights of the com-

plainants, and the chancellor may, on a final hearing of the case, decree that equity requires the tearing down of the portion of the building that has been thus erected. The defendant, by her conduct, brought about the order she now so seriously excepts to, and she is in no position, *under the present state of facts,* to complain of it. The order is a temporary one and can be modified if the situation in the future warrants such action.

The defendant next contends that if it be held that the building restrictions in question were valid, nevertheless, it appears from the record that the said restrictions have been waived by the complainants and Weber. We find this contention to be without merit.

Other contentions than those specifically referred to in this opinion have been raised by the defendant. These have all been carefully considered and found without merit.

The orders of the Superior Court of Cook county will therefore be affirmed.

*Affirmed.*