GODFREY & CANDLER *et al. v.* HUSON *et al.*

GILBERT, Justice. 1. The evidence showed that subsequently to the alleged parol gift of the vacant property in dispute the defendants' predecessor acquired title to adjacent property by a warranty deed containing a covenant mutually binding him and the grantor, under whom petitioners claim title to other property adjacent to the vacant property, not to

484

enclose or improve the vacant property. Therefore the alleged title by parol gift to the vacant lot became merged in the rights and restrictions as to the vacant lot, as expressed in the warranty deed conveying the adjacent property now owned by the defendants. While there was some testimony that parol gift of the vacant lot was made "prior to 1885," it was not sufficient, construing it most strongly against the defendants, to establish that the alleged parol gift was made after June 6, 1884, the date of the warranty deed to defendants' property, and not prior thereto. Hence it must be assumed that the deed represented the final matured agreement between the parties. *Nelson* v. *A., K. & N. Ry. Co.*, 135 *Ga.* 572 (69 S. E. 1118); *Loftis* v. *Clay*, 164 *Ga.* 845 (139 S. E. 668); *Keiley* v. *Citizens Savings Bank &c. Co.*, 173 *Ga.* 11 (159 S. E. 527).

2. The mutual covenant as to keeping the vacant lot unenclosed and unimproved constituted an appurtenance for the benefit of the adjacent property subsequently purchased by Godfrey & Candler; and under a warranty deed conveying such adjacent property "with all appurtenances thereto," they have the right as grantee to enforce in equity the restriction against the defendants enclosing or improving the vacant lot. *Rosen* v. *Wolff*, 152 *Ga.* 578 (110 S. E. 877).

3. The evidence fails to show any exclusive adverse possession by the defendants or their predecessor which would afford a basis for prescribing against the mutual covenantor and his successors, the petitioners in this case. Therefore the verdict can not be sustained upon the theory of prescription as to the vacant lot. *Morgan* v. *Mitchell*, 104 *Ga.* 596 (30 S. E. 792).

4. The court erred in refusing a new trial.

*Judgment reversed. All the Justices concur, except Hutcheson, J., disqualified.*

No. 10597. MARCH 15, 1935.

488

*Tye, Thomson & Tye,* for plaintiffs.
*Wilmer D. Lanier,* for defendants.