JONES *et al. v.* LANIER DEVELOPMENT COMPANY *et al.*

No. 12697. APRIL 13, 1939. REHEARING DENIED MAY 11, 1939.

*McElreath, Scott, Duckworth & DuVall,* for plaintiffs.

*Bryan, Middlebrooks & Carter,* and *Tye, Thomson & Tye,* for defendants.

GRICE, Justice. The grant or denial of a temporary injunction rests in the sound discretion of the judge, according to the circumstances of each case (Code, § 55-108); and where the evidence is conflicting, his decision will not be reversed, unless it is apparent that he has abused the discretion which the law gives him. *Sapp* v. *Ritch,* 169 *Ga.* 33 (3) (149 S. E. 636.); *Gilstrap* v. *Palmour Hardware Co.,* 170 *Ga.* 27 (152 S. E. 53); *Murrell* v. *North London Fine Art Co.,* 173 *Ga.* 224 (160 S. E. 343); *Holland Pecan Co.* v. *Brown,* 177 *Ga.* 525 (170 S. E. 357); *Traylor* v. *Peoples Bank of Carrollton,* 179 *Ga.* 895 (3) (177 S. E. 702). But, in determining whether or not there has been an abuse of discretion, the convenience of the parties can not be·ignored. In *Everett* v. *Tabor,* 119 *Ga.* 128 (4, 5) (46 S. E. 72), it was said: "There should be a balance of conveniences in such cases, and a consideration whether greater harm might be done by refusing than by granting the injunction. . . Where the evidence is conflicting, and it appears that the injunction if granted would not operate oppressively to the defendant, but that if denied the complainant would be practically remediless in case he should thereafter establish the truth of his contentions, it would be strong reason why the chancellor should exercise his discretion so as to preserve rights by preserving the status." Furthermore, a conflict in evidence upon the hearing, which would authorize the judge to either grant or deny the injunction, must be a conflict in the evidence on material issues in the case. Where the plaintiff shows grounds for the grant of an injunction and shows that unless injunction is granted he will suffer irreparable injury, and there is conflict in some im-

material issues made in the case, it is error to refuse an interlocutory injunction to restrain the defendant. *Robinson* v. *Bryant*, 181 *Ga.* 722 (184 S. E. 298). In the instant case one question was whether or not the defendants were violating a restriction by constructing the theater building nearer the property line than the distance fixed by the restriction. On this material issue the plats of the subdivision in question were admitted by the defendants, and the record of these plats was constructive notice to the defendants of the facts shown by the plats. An examination of the plats shows a building-line restriction applicable to all the properties embraced in the subdivision, including that of plaintiffs and defendants. In defendants' brief it is admitted that these plats did show the restriction as to building line in the following language: "The plats were put in evidence, and do not contain any reference to the purpose of the subdivision, being confined merely to showing size and location of lots and *building line*." (Italics ours.) Also in evidence, and undisputed, was a sketch of the building which the defendants admitted they were attempting to construct, which showed that this building was at one point within five feet of the property line. It was alleged in the verified petition (in evidence) that the building-line restriction applicable to the entire subdivision was from twenty to thirty-five feet. The defendants put in evidence a number of deeds conveying all of the property now owned by them and involved in this suit, and containing express restrictions to the effect that no building should be erected thereon nearer than ten to fifteen feet to the property line on University Drive. These conveyances constituted links in the defendants' chain of title, and the restrictions therein constituted covenants running with the land, whether expressed in subsequent conveyances or not. *Hancock* v. *Gumm*, 151 *Ga.* 667 (3) (107 S. E. 872, 16 A. L. R. 1003). When these restrictions were once placed upon the title to defendants' property they continued as conditions imposed thereon, and all subsequent owners, including the defendants, not only acquired no right to construct buildings closer than the distance fixed by such restrictions, but took said property subject to the restriction, and were bound thereby not to erect a building nearer the property line than ten feet. Therefore it is evident that by restraining the defendants as prayed they would lose no right and be deprived of no privilege to which

they were entitled in the lands owned by them. On the other hand, if the contention of the plaintiffs is correct that the entire subdivision was developed and sold by the original owners by the establishment of a general building scheme and restrictions, in reliance upon which they and others purchased these lots and built their homes, a denial of the injunction sought would permit the construction of the building by the defendants in violation of the restrictions, thereby causing the plaintiffs irreparable injury.

■ It can not be denied that a general building scheme in a subdivision for the purpose of selling lots under restrictions is binding and enforceable, even though not embraced in the deeds. *Phillips* v. *Ingram*, 163 *Ga.* 580 (136 S. E. 785). The defendants, however, denied the contention of the plaintiffs that a general building scheme was established, this denial being supported only by their verified plea. In support of the allegation made by plaintiffs a great number of deeds conveying various lots in the subdivision to other parties, and containing specific restrictions similar to the alleged general scheme, were introduced. The plaintiffs also tendered in evidence a written contract between the owners and developers of the subdivision and their agents, which contract authorized the agents to sell all of the lots in the subdivision, and required them to sell each of the lots subject to the restrictions therein named, and more fully set out above. On objection the judge refused to admit the contract in evidence, and the plaintiffs assign error upon that ruling. No question was raised as to the execution of the contract, and it clearly supported the allegations of the petition to the effect that there was a general building scheme with restrictions in the subdivision. We think it was error to disallow this evidence.

■ The denial by defendants of any notice, actual or constructive, of the restrictions is completely refuted by the fact that the deeds under which they hold refer to the plats which contain the building-line restrictions and which were of record, and the deeds of defendants are dependent upon such plats for a description of the property therein conveyed. Furthermore, the evidence discloses that a number of links in defendants' chain of title contained express restrictions upon their own property, and with this notice on their part they were bound by the general scheme as evidenced by the various deeds in evidence, and by the contract between the

developer and his sales agents. In the light of this evidence the defendants should not be permitted to construct the building involved, and thereby to do permanent and irreparable injury to the plaintiffs, until all of the issues made can be submitted to and determined by the jury upon a final trial. Such evidence under such circumstances demanded a judgment temporarily enjoining the defendants as prayed.

*Judgment reversed. All the Justices concur.*