KILBY *v.* SAWTELL *et al.*

BELL, Justice. 1. Where an owner of land subdivides it into lots for the purpose of sale, under a general plan or scheme restricting the lots to certain uses, restrictions that are embodied in such general plan or scheme may in a proper case be imposed upon the lots beyond the express restrictions contained in the deeds to the purchasers, on the theory of implied covenants. *Phillips* v. *Ingram,* 163 *Ga.* 581 (1), 586 (136 S. E. 785).

2. "The usual implied covenant is based on an actual pre-existing plat and subdivision, on the theory that the fact of making the plat, and formulating a set of restrictions alike to all lots of the subdivision, shows an existing intention to restrict all alike, and the law in such circumstances implies a covenant to carry out the scheme thereafter created and evidenced by the plats under which the property was sold and purchased." *Kitchens* v. *Noland,* 172 *Ga.* 684, 688 (158 S. E. 562). "In such a case, the general scheme binds all the purchasers inter sese, not only as to the restrictions embodied in their respective deeds, but also as to such inhibitions as were embraced within the general scheme of the subdivision, of which they had or were chargeable with notice." *Wardlaw* v. *Southern Railway Co.,* 199 *Ga.* 97 (2a) (33 S. E. 2d, 304).

3. It appears from the allegations in the instant case that an owner of land subdivided it into fifteen lots for the purpose of sale, and, on a map or plat describing it, which he caused to be recorded, was a statement, signed by him, that "Lots No. 1 thru 14 are restricted for residential purposes and a dwelling for one family with accessory uses shall be allowed on each lot and shall cost not less than $2500, and shall not be erected within 100 feet of Glyndale Drive nor within 25 feet of side lines;" lot 15 not being here involved. It was also alleged that the subdivision was known as "Section D, Glyndale," in Glynn County, and that three of the plaintiffs and the defendant had all purchased lots in such subdivision, the plaintiffs having purchased their lots in reliance upon such general scheme and plan of development; and two of them having built homes thereon in which they lived with their families. The defendant purchased his lot from one to whom it had been sold by the original owner of the subdivision. While the deeds under which the defendant thus claims did not contain any express statement as to restriction, they both, after describing the lots as being situated in that subdivision known as Glyndale, Section "D," and giving metes and bounds, stated that "A plat of said subdivision is recorded in Plat Book 1, in the office of the Clerk of the Superior Court, Glynn County, Geor-

gia." The petition further alleged that the defendant, at the time of purchasing his lot, knew that the lots in the subdivision were and are restricted to residential purposes; nevertheless, he has erected on his said lot three large chicken houses and placed thereon a flock of about 500 chickens and is conducting thereon a chicken and egg ranch or farm, a commercial undertaking, in violation of the restrictions aforesaid: *Held:*

(*a*) The statement as placed upon the map or plat of the subdivision and signed by the owner, as quoted above, was a restriction against use of the lots for any purpose other than "residential purposes . . with accessory uses," and excluded use for "a chicken and egg ranch or farm, a commercial undertaking;" and the facts alleged were sufficient to show a general plan or scheme embodying such restriction, as to the 14 lots referred to in the statement quoted.

(*b*) Where a deed to land refers to a map or plat for a more complete description of the land conveyed, such map or plat will ordinarily be considered as incorporated in the deed itself. *Talmadge Bros. & Co.* v. *Interstate Bldg. & Loan Assn.,* 105 *Ga.* 550 (31 S. E. 618); *State of Georgia* v. *Georgia Railway & Power Co.,* 141 *Ga.* 153 (2) (80 S. E. 657); *Tilley* v. *Malcolm,* 149 *Ga.* 514 (1) (101 S. E. 127). Under this rule, the reference made in the deeds to the recorded "plat" of the subdivision was sufficient to put both the defendant and his predecessor in title upon notice of the restrictions stated upon such plat, whether these restrictions be treated as express or implied covenants as to them. See Code, § 37-116. As to the question of notice, the case differs on its facts from *Hancock* v. *Gumm,* 151 *Ga.* 667, 679 (107 S. E. 872, 16 A. L. R. 1003), where the evidence did not authorize a finding that any plat containing the restrictions there in question was in existence at the time of the purchasers. See further, in this connection, *Deaton* v. *Swanson,* 196 *Ga.* 833 (1b) (28 S. E. 2d, 126); *Westbrook* v. *Comer,* 197 *Ga.* 433 (2), 438 (29 S. E. 2d, 574); Boston Water Power Co. *v.* City of Boston, 127 Mass. 374, 376; Carroll v. Hinchley, 316 Mass. 724 (56 N. E. 2d, 608); Doran v. Graham, 195 Ill. App. 65 (7).

(*c*) Under the preceding rulings as applied to the allegations of the petition as amended, the court did not err in overruling the general demurrer. See generally, in this connection, *Phillips* v. *Blackwell,* 164 *Ga.* 856 (139 S. E. 547); *Caffey* v. *Parris,* 186 *Ga.* 303 (197 S. E. 898); *Jones* v. *Lanier Development Co.,* 188 *Ga.* 141 (2), 147 (2 S. E. 2d, 923); *Atkinson* v. *England,* 194 *Ga.* 854 (22 S. E. 2d, 798); *England* v. *Atkinson,* 196 *Ga.* 181 (26 S. E. 2d, 431); *Dooley* v. *Savannah Bank & Trust Co.,* 199 *Ga.* 353 (2), 357 (34 S. E. 2d, 522).

4. Nor, under the facts as stipulated in open court by the attorneys for the parties, was it error to direct a verdict in favor of the plaintiffs finding that the defendant be enjoined as prayed, or to overrule the motion for new trial based on the general grounds only.

5. The rulings made above are not contrary to any of the decisions of this court holding in effect that restrictions against the use of private property by the owner for any lawful purpose must be established beyond a reasonable doubt, since, under the pleadings and the facts stipulated in the instant case, the restriction to residential use was established

clearly and to that degree of certainty required by law. Compare *Randall* v. *Atlanta Advertising Service,* 159 *Ga.* 217 (125 S. E. 462); *Atlanta Assn. of Baptist Churches* v. *Cowan,* 183 *Ga.* 187 (188 S. E. 21).

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents, and Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16005.   JANUARY 10, 1948.

262

*Colon J. Cogdell,* for plaintiff in error.
*Vance Mitchell* and *Henry O. Farr,* contra.