LAWSON *v.* LEWIS *et al.*

DUCKWORTH, Chief Justice. 1. "When a grantee accepts a deed and enters thereunder, he will be bound by the covenants contained therein, although the deed has not been signed by him." Code, § 29-102; *Atlanta, Knoxville & Northern Ry. Co.* v. *McKinney,* 124 *Ga.* 929 (53 S. E. 701, 6 L. R. A. (N. S.) 436, 110 Am. St. R. 215); *Union City Realty Co.* v. *Wright,* 138 *Ga.* 703 (1) (76 S. E. 35); *Louisville & N. Railroad Co.* v. *Nelson,* 145 *Ga.* 594 (1) (89 S. E. 693); *Alropa Corp.* v. *Pomerance,* 190 *Ga.* 1, 6 (8 S. E. 2d, 62).

2. "Where the owner of realty sells a portion thereof, imposing on his vendee restrictions relating to the use of the estate conveyed, thus creating a covenant running with the land, there is a presumption, in the absence of any facts and circumstances showing a contrary intent, that the restriction is imposed for the benefit of the land retained, with the result that an implied inhibition is created as to the use of the portion of the land conveyed, for the benefit of the owner of the unsold portion"; and a remote grantee of another portion of the realty may sue in equity to prevent a violation of the restrictions. *Wardlaw* v. *Southern Ry. Co.,* 199 *Ga.* 97, 101 (33 S. E. 2d, 304).

3. Restrictions upon the use of land must be clearly established and strictly construed. *Randall* v. *Atlanta Adv. Service,* 159 *Ga.* 217 (125 S. E. 462); *Kitchens* v. *Noland,* 172 *Ga.* 684, 689 (158 S. E. 562); *David* v. *Bowen,* 191 *Ga.* 467, 469 (12 S. E. 2d, 873).

4. So construing the restriction affecting lot No. 1 here involved, that "The first residential improvement placed upon said property shall be a residence erected on the front part thereof to cost not less than $2500, and such residence shall be occupied only by people of the white race, and not for any business purposes," the words, "not for any business purposes," have reference solely to a building erected for residential purposes as the "first residential improvement," and do not relate to any portion of the lot on which such "first residential improvement" is not placed.

(*a*) Accordingly, a fireworks stand erected on such lot, not being a "residential improvement," but merely a location or station for business (Webster's Dictionary) for the purpose, as alleged in the petition, "of selling and dispensing fireworks and other merchandise," does not constitute a violation of the restriction affecting lot No. 1.

5. Aside from the fact that no cause of action is set forth in favor of one of the petitioners, the "owner of other property in the near vicinity," because it does not appear that he now owns any part of the realty of which lots 1, 2, and 3 form a part, the petition, seeking injunction and other relief, does not show that the only applicable restriction, namely, that affecting lot No. 1, is being violated by the defendant in the erection of a fireworks stand thereon, and, accordingly, no cause of action is set forth in favor of any of the petitioners, and the court erred in overruling the defendant's general demurrer.

6. The special demurrers are clearly without merit.

*Judgment reversed in part, and affirmed in part. All the Justices concur.*

No. 16594. APRIL 13, 1949.

**230**

*R. B. Pullen* and *Claud F. Brackett*, for plaintiff in error.
*Coogler & Kemp*, contra.