## SPENCER v. POOLE.

HAWKINS, Justice. H. L. Poole filed his petition in DeKalb Superior Court, in which petition, as amended, he alleged that the defendant, Mrs. Marcelite A. Spencer, was the owner of lot No. 8 in Block "C" of Gordon Acres Subdivision, having acquired title thereto from Gordon Inc. by warranty deed, which did not by express terms contain any restrictions, but which did refer to a plat recorded in Plat Book 12, page 136, in the office of the Clerk of DeKalb Superior Court, copy of which was attached to the petition, and which plat on its face contained the following: "This plat is hereby approved—all lots shown on same are subject to restrictions set out in agreement with DeKalb County—Deed Book 559, page 29." This plat showed a subdivision of lots along the west side of Clairmont Road, divided into Blocks "A", "B", "C", and "D", and designated as Gordon Acres. It is alleged that Gordon Acres as shown on this plat was formerly owned by Gordon Inc., and was a part of a larger tract consisting of approximately seventy-five acres owned by Gordon Inc., and that the restrictive covenants applicable to Gordon Acres Subdivision were imposed by the then owner of the entire tract by an instrument recorded in Deed Book 559, page 29, of DeKalb deed records, a copy of the restrictions being set out as an exhibit to the petition, Item "A" thereof being as follows: "All lots in the tract shall be known and described as residential lots. No structure shall be erected, altered, placed or permitted to remain on any residential building plot other than one detached single-family dwelling not to exceed two stories in height, and a private garage for not more than two cars." The plaintiff alleged that the defendant was violating this restrictive covenant by having under construction on her lot a garage designed for residential uses in addition to the main dwelling thereon, and sought to enjoin the construction thereof. The plaintiff alleged that he was the owner of lot 17 and the north half of lot 16, of Block "C" of Gordon Acres, according to a plat recorded in Plat Book 15, page 82, which showed a further subdivision of lots immediately adjacent to those formerly laid out and shown on the plat by Gordon Inc., and that he acquired his title from Fidelity Builders Inc., the grantee of Gordon Inc. To this petition as originally filed and as amended the defendant demurred on various general and special grounds, which demurrers were overruled by the trial court. On the interlocutory hearing the plaintiff sustained the allegations of his petition by proof, and the trial court granted the temporary injunction prayed for. To these judgments and to certain rulings on the admission of evidence the defendant excepts. *Held*:

1. While the general rule is that the owner of land in fee has a right to use it for any lawful purposes (*Kitchens* v. *Noland*, 172 *Ga.* 684, 158 S. E. 562), and any claim that there are restrictions upon such use must be clearly established (*Thompson* v. *Glenwood Community Club*, 191 *Ga.* 196, 12 S. E. 2d, 623; *David* v. *Bowen*, 191 *Ga.* 467, 12 S. E. 2d, 873), the owner of the fee has the right to sell his land subject to such reservations or restrictions as he may see fit to impose, provided they are not contrary to public policy, and such reservations or restrictions create an easement, or servitude in the nature of an easement, upon

# 156

the land conveyed for the benefit of the adjoining property of which the grantor remains the owner, and a grantee from the former owner who imposes the restriction is entitled to the same remedy for its enforcement as was his grantor. *Wardlaw* v. *Southern Ry. Co.,* 199 *Ga.* 97, 101 (33 S. E. 2d, 304); *Godfrey & Candler* v. *Huson,* 180 *Ga.* 483 (179 S.˜E. 114); *Gulf Oil Corp.* v. *Suburban Realty Co.,* 183 *Ga.* 847 (190 S. E. 179). The fact that other or different restrictions were placed upon the plaintiff's lot by his grantor, or that his lot might not be subject to the same restrictions as is the defendant's lot, would not deprive him of the right to enforce the restriction placed upon the defendant's lot by the former owner and common grantor of both the plaintiff and the defendant. *Gulf Oil Corp.* v. *Suburban Realty Co.,* 183 *Ga.* 847 (supra); Mitchell on Real Property, pp. 492, 493.

2. While a paper not entitled to record, although recorded, is not constructive notice (*Donalson* v. *Thomason,* 137 *Ga.* 848 (3), 74 S. E. 762; *Coniff* v. *Hunnicutt,* 157 *Ga.* 823, 122 S. E. 694; *Citizens Bank of Moultrie* v. *Taylor,* 169 *Ga.* 203, 149 S. E. 861), where a deed to land refers to a map or plat as a part of the description of the land conveyed, such map or plat 'will ordinarily be considered as incorporated in the deed itself; and where, as in this case, the defendant's deed referred to a map or plat and the place where it was recorded, and the plat on its face referred to a recorded list of restrictions upon the use of the land, executed by the grantor, and gave the book and page where such restrictions were actually recorded, this was sufficient to put the defendant upon notice of the restrictions stated in the record, even though the plat and the list of restrictions might not be entitled to record as recordable instruments. *Kilby* v. *Sawtell,* 203 *Ga.* 256, 257 (3-b) (46 S. E. 2d, 117), and cases cited; Mitchell on Real Property, p. 494.

3. Under the preceding rulings as applied to the allegations of the petition as amended, and to the evidence adduced upon the hearing, the court did not err in overruling such of the demurrers as were not met by amendments to the petition, in the rulings on the admission of evidence, or in granting the temporary injunction prayed for.

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., who dissents.*

No. 17164.   JULY 12, 1950.

*Carl T. Hudgins,* for plaintiff in error.
*Gray Skelton* and *A. S. Skelton,* contra.