18724. CAWTHON *et al. v.* ANDERSON *et al.*

HAWKINS, Justice. Claud E. Anderson and E. C. Addy, of Stephens County, filed a petition against Fred Cawthon and Robert Holbrook, of Franklin County, alleging substantially: that, in 1940, Ola B. West and O. K. Sellers owned a tract of land in Stephens County, which O. K. Sellers subdivided into lots and caused plats to be made and duly recorded, in which all of the land, with the exception of lots 4 and 5 in block A and 350 feet across the highway from lots 4, 5, 6, 7, and 8, in block A, was restricted for residential purposes, and that in conveying the lots in said subdivision, O. K. Sellers provided in all the deeds executed by him that "no commercial building to be erected thereon, same conveyed for residential purposes"; that Claud E. Anderson, on October 15, 1951, purchased lots 7 and 8 in block A of said subdivision, and is now the owner of said lots; that E. C. Addy, on August 18, 1951, purchased lot 38 of said subdivision, and is now the owner of said lot; that on October 4, 1951, Fred Cawthon purchased lots 9 and 10, in

block F, in said subdivision, from D. W. Payne, and his deed of conveyance bears the restrictions, "No commercial buildings to be erected thereon, same conveyed for residential purposes"; that Anderson, Addy, and Cawthon hold their respective lots in said subdivision under the common grantors, Ola B. West and O. K. Sellers; and that, notwithstanding the restrictions placed on all of the lots, with the aforesaid exceptions, and notwithstanding the fact that Cawthon's deed to lots 9 and 10 in block F specifically provides that no commercial buildings shall be erected on said lots, defendants Fred Cawthon and Robert Holbrook are erecting or causing to be erected on said lots 9 and 10 a filling station for the sale of gasoline, oil, and kindred products to the general public, in violation of the rights of Anderson and Addy, owners of residential lots in said subdivision, and in violation of the rights of others holding residential lots in said subdivision. The prayers of the petition were for process, and "that defendant be temporarily restrained and enjoined from constructing said filling station on said lots and from using said lots as a filling station for the sale of gasoline and oil and kindred products and that after such hearing as the court may direct, said defendant be permanently enjoined and restrained from erecting said filling station on said lots as aforesaid." The petition was filed on March 17, 1954, and an answer was filed by defendant Cawthon. The case was heard on April 24, 1954, at which hearing testimony was introduced, whereupon the court took the matter under advisement, and on June 12, 1954, entered an order continuing the previously granted restraining order in force and effect, the bill of exceptions reciting that this order "is to all intents and purposes the grant of a temporary injunction, to which order and judgment of the court Fred Cawthon and Robert Holbrook then and there excepted and now except." *Held:*

1. "The owner of the fee has the right to sell his land subject to such reservations or restrictions as he may see fit to impose, provided they are not contrary to public policy, and such reservations or restrictions create an easement, or servitude in the nature of an easement, upon the land conveyed for the benefit of the adjoining property of which the grantor remains the owner, and a grantee from the former owner who imposes the restriction is entitled to the same remedy for its enforcement as was his grantor." *Spencer* v. *Poole,* 207 *Ga.* 155 (1) (60 S. E. 2d 371). And "a remote grantee of another portion of the realty may sue in equity to prevent a violation of the restrictions." *Lawson* v. *Lewis,* 205 *Ga.* 227 (2) (52 S. E. 2d 859).

2. "A court of equity will not strike down and destroy these covenants merely because under the changed condition of this particular subdivision or adjoining subdivisions the lots of land . . . would be more valuable and would yield more taxes to the government if the present owners of the lots in this subdivision could use their land for other than residential purposes." *Reeves* v. *Comfort,* 172 *Ga.* 331, 333 (157 S. E. 629).

3. "When a grantee accepts a deed and enters thereunder, he will be bound by the covenants contained therein, although the deed has not been signed by him." Code § 29-102. See also *Lawson* v. *Lewis,* 205 *Ga.* 227 (52 S. E. 2d 859).

4. Where, as in this case, the deeds in the chain of title from the common

grantors of both the plaintiffs and the defendants all contained the restrictions, "No commercial buildings to be erected thereon, same conveyed for residential purposes," the trial judge did not err in holding that "the defendant having violated the building restriction by erecting other than a dwelling on the restricted area, plaintiffs are entitled to a restraining order as prayed and the order heretofore granted is continued in force and effect."

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 15, 1954—DECIDED OCTOBER 11, 1954.

*H. W. Gaines, George L. Goode, Carter Goode,* for plaintiffs in error.

*Gross & Smith, Lamar N. Smith,* contra.