21798. GROVE LAKES SUBDIVISION, INC. et al.
v. HOLLINGSWORTH.

CANDLER, Justice. On May 11, 1962, Grove Lakes Subdivision, Inc. and Cecil E. Kennedy, Sr., filed a suit in the Superior Court of Bulloch County against Denver Hollingsworth in which they prayed for an injunction. Their petition alleges: The defendant on April 28, 1959, purchased by warranty deed from S. J. Proctor a described tract of land, containing five acres which was cut off from a larger tract he owned. Such deed contains the following clause: "It is understood and agreed between the parties hereto . . . that this property is to be used for residential purposes exclusively . . ." S. J. Proctor later conveyed the remaining portion of his adjacent lands to the plaintiff Grove Lakes Subdivision, Inc. Grove Lakes Subdivision, Inc. subdivided the tract which it acquired from Proctor into several lots and offered them for sale for residential use. More than 30 of the lots have been sold, one of which was purchased by the plaintiff, Cecil E. Kennedy, Sr., and another by the defendant Hollingsworth. In selling such lots, the seller represented to the purchasers thereof that they could be used for residential purposes only. The plaintiff Kennedy has constructed a residence on his lot at a cost to him of more than $15,000 and in purchasing such lot he relied on the representation made to him and all other purchasers in the subdivision that the lots could be used for residential purposes only. The plaintiff Grove Lakes Subdivision, Inc. still owns more than 100 lots in the subdivision. S. J. Proctor is the president and also the majority stockholder of Grove Lakes Subdivision, Inc. The petition further alleges that the defendant began using the five-acre tract he purchased from S. J. Proctor for a cow pasture on or about April 10, 1962, and has since continuously used it for such purpose. The several cows pastured thereon graze, feed, are watered, sleep and drop manure on it. The plaintiff Grove Lakes Subdivi-

sion, Inc. has spent more than $100,000 in developing its subdivision for residential uses only. The defendant's use of his land for a pasture violates the covenant contained in his deed from Proctor and the plaintiffs, because of his continuous use of it for pasture purposes, have no adequate and complete remedy at law. There is a prayer that the defendant be enjoined from using his land for any purpose other than for residential uses. To this petition the defendant demurred on various general and special grounds, all of which demurrers were sustained by the trial court except the one which alleges that the restrictions contained in the defendant's deed from Proctor are too vague and indefinite to be enforced. The defendant also moved to strike the plaintiff Kennedy as a party to the cause on the ground that he has no right to maintain the suit since it appears from the petition that he has no interest in the defendant's land. This motion was sustained. The defendant also filed what he denominates to be a plea of misjoinder of parties plaintiff and moved for an order dismissing the petition on the following grounds: 1. The plaintiffs are not parties to the deed which Proctor made to him and for that reason they cannot maintain their suit. 2. The restrictions affecting the five-acre tract involved bind only Proctor and the defendant as his grantee. 3. The restrictions contained in Proctor's deed to the defendant neither create nor convey to the plaintiffs an interest in the five-acre tract involved in this suit. 4. The five acres involved have never been a part of the subdivision and the restrictions imposed on the use of such acreage by Proctor were not for the benefit of the remaining portion of the tract from which such acreage was taken. The plea and motion to dismiss the petition were sustained by the trial judge. The plaintiffs excepted to all rulings adverse to them and sued out a writ of error to this court. *Held:*

While the general rule is that the owner of land in fee has a right to use it for any lawful purposes (*Kitchens v. Noland,* 172 Ga. 684, 158 SE 562), and any claim that there are restrictions upon such use must be clearly established (*Thompson v. Glenwood Community Club,* 191 Ga. 196, 12 SE2d 623; *David v. Bowen,* 191 Ga. 467, 12 SE2d 873), the owner of the fee has the right to sell his land subject to such reservations or restrictions as he may see fit to impose, provided they are not contrary to public policy, and such reservations or restrictions

create an easement, or servitude in the nature of an easement, upon the land conveyed for the benefit of the adjoining property of which the grantor remains the owner, and a grantee and a remote grantee from the former owner who imposes the restriction are entitled to the same remedy for its enforcement as was their grantor. *Godfrey & Candler v. Huson,* 180 Ga. 483 (179 SE 114); *Gulf Oil Corp. v. Suburban Realty Co.,* 183 Ga. 947 (190 SE 179); *Wardlaw v. Southern R. Co.,* 199 Ga. 97, 101 (33 SE2d 304); *Lawson v. Lewis,* 205 Ga. 227 (2) (52 SE2d 859); and *Cawthon v. Anderson,* 211 Ga. 77 (1) (84 SE2d 66). The fact that other or different restrictions were incorporated in the plaintiffs' deeds, or that their lots might not be subject to the same restrictions as the defendant's lot, would not deprive them of the right to enforce the restriction placed upon the defendant's lot by the former owner and common grantor of both the plaintiffs and the defendant. *Gulf Oil Corp. v. Suburban Realty Co.,* supra; *Spencer v. Poole,* 207 Ga. 155 (1) (60 SE2d 371); and Mitchell on Real Property, 1945 Ed., pp. 482, 493. Since the deed from this common grantor of the parties to the defendant restricted the use of this land "for residential purposes exclusively," its use by the defendant as a cow pasture should have been enjoined by the trial court. It was error not to do so. *Kilby v. Sawtell,* 203 Ga. 256 (46 SE2d 117).

The above rulings dispose of the controlling questions which the bill of exceptions presents to this court for decision, and for that reason it is not necessary to deal with other questions posed by the record.

*Judgments reversed. All the Justices concur, except Almand, J., who dissents.*

SUBMITTED OCTOBER 8, 1962—DECIDED OCTOBER 22, 1962.

*Allen & Edenfield, Neville & Neville,* for plaintiff in error. *Anderson & Sanders,* contra.