39834.   REID et al. v. STANDARD OIL COMPANY OF
KENTUCKY, INC. et al.

DECIDED FEBRUARY 12, 1963—REHEARING DENIED
MARCH 21, 1963.

*Joseph J. Gaines,* for plaintiffs in error.

*Erwin, Birchmore & Epting, Eugene A. Epting,* contra.

RUSSELL, Judge. ■ "As a general rule, the owner of land in fee has the right to use the property for any lawful purpose, and any claim that there are restrictions upon such use must be clearly established. Limitations or restrictions by implication are not favored, and must be strictly construed." *Thompson v. Glenwood Community Club,* 191 Ga. 196 (1) (12 SE2d 623); *Jordan v. Orr,* 209 Ga. 161 (1a) (71 SE2d 206) and cit. Where it is sought to impose or enforce restrictions on the use or alienation of property, a preponderance of evidence is not sufficient, but the existence and validity of the restriction must be proved beyond a reasonable doubt. *Atkinson v. England,* 194 Ga. 854, 859 (22 SE2d 798) and cit.; *Atlanta Assn. of Baptist Churches v. Cowan,* 183 Ga. 187 (188 SE 21). It follows that, in pleading facts relied upon to show that the use of the defendant's land is restricted in a manner capable of enforcement by the plaintiff (the defendant's deed being silent as to any such limitation of use) the facts pleaded must unequivocally demonstrate both the existence of the restriction and the plaintiff's right to rely thereon.

■ The rule is recognized that "restrictions under a general plan adopted by the owner to sell lots may in equity be imposed on the lands, beyond the express restrictions contained in the deeds to the purchaser, on the theory of implied covenants." *Phillips v. Ingram,* 163 Ga. 580, 586 (136 SE 785). Whether or not implied covenants can be established and enforced otherwise than by equity (it having been held that this is not an equity case) they are based on the theory of mutuality of interest and obligation on the part of each of the purchasers. "In the case of platted subdivisions, where the lots are sold under similar restrictions, each deed referring to the plat, and are sold under a general plan of development for restricted purposes, there is a mutuality of quasi covenant which enables each lot owner to enforce the restrictions as against each other lot owner." 19 ALR2d, Ann., 1274, 1278. Where this mutuality exists "such

reservations or restrictions create an easement, or servitude in the nature of an easement, upon the land conveyed for the benefit of the adjoining property of which the grantor remains the owner, and a grantee and a remote grantee from the former owner who imposes the restriction are entitled to the same remedy for its enforcement as was their grantor." *Grove Lakes Subdivision v. Hollingsworth*, 218 Ga. 443, 444 (128 SE2d 499). "It is fundamental that the parties seeking to enforce such an easement must have some right and interest in its observance by those against whom they seek to enforce it. It must have been created for their benefit individually, or in connection with others. The right or interest that will enable the party to enforce the easement must be clear." Loomis v. Collins, 272 Ill. 221 (111 NE 999). See also 21 ALR 1312.

The petition suggests that the owners of property contained in Plat 1 of Beechwood Hills subdivision maintain their right to restrict the use of the owners of land located in Plat 2 for three reasons: the Martini plat which was displayed in the sales office as a suggested land use plat and which was prepared prior to the time the land was surveyed and marked into streets and lots shows that the entire acreage (with the exception of the reserved 29 acres involved in Plat 2) was intended for residential use; the property on which Standard Oil wishes to build its filling station was originally deeded to a church by a deed containing restrictions for residential and religious purposes and the subsequent attempt of the parties to nullify these restrictions is ineffective; and, thirdly, plaintiffs are themselves restricted to residential purposes under a general plan of development and accordingly have a right to rely upon such restrictions being imposed upon other lots in the subdivision.

Dealing with the first two propositions concurrently, the wording of the plaintiffs' deeds militates against their position. Under the maxim that *inclusio unius est exclusio alterius,* the restrictions in the plaintiffs' deed are applicable *to and only to* the lots shown on Plat 1. This both frees the plaintiffs from obligations to purchasers of land in other tracts and limits their rights to insist on restrictions which might be enforceable as between common purchasers in another tract. Furthermore, so far as the

Martini plat is concerned, the land sought to be used for commercial purposes was not shown on that plat as having a residential use, but was a part of a 29 acre tract marked "reserved". It is true that an implied covenant can be enforced under these conditions, *Atlanta Assn. of Baptist Churches v. Cowan*, 186 Ga. 10 (196 SE 780) but only where the overall intention of the subdivider to dedicate all of his land to like uses is apparent. Where restrictions apply to unsold lots only by implication, an intent on the part of the subdivider to devote a reserved portion of the tract to the same use must clearly appear, and if such intent is negatived either by the deeds or other acts of the subdivider there will be no enforcement under a contrary implication. *Williams v. Waldrop*, 216 Ga. 623 (118 SE2d 465). Here, any intent to devote the entire 226 acres to residential use is not only not supported by the Martini plat but is negatived by the wording of the plaintiffs' own deeds, which manifests a contrary intent to deal with each platted area separately.

■ One of these plaintiffs purchased after the deed was executed from the subdivider to the Christian Science Society restricting the lot on which Standard Oil now wishes to impose a commercial use to residential and church purposes, and before the Society redeeded the lot to the subdivider with an express provision nullifying the restrictions thereon. That a grantor and grantee could not wipe out the rights of a third party by such a procedure is obvious, but such a provision between the parties, where no other rights are involved, would be perfectly legal. See *Wardlaw v. Southern R. Co.*, 199 Ga. 97 (3) (33 SE2d 304) where it was pointed out that the vendees "might have purchased it [the land] with the purpose of subsequently acquiring rights nullifying the restrictions contained in the original grant." In support of their contention that they have a right to seek enforcement of this restriction regardless of the agreement of the parties to abolish it the plaintiffs in error cite *Grove Lakes Subdivision v. Hollingsworth*, 218 Ga. 443, supra; *Cawthon v. Anderson*, 211 Ga. 77 (1) (84 SE2d 66); *Godfrey & Candler v. Huson*, 180 Ga. 483 (2) (179 SE 114); *Jones v. Lanier Development Co.*, 188 Ga. 141 (2 SE2d 923); *Phillips v. Ingram*, 163 Ga. 580, supra; *Wardlaw v. Southern R. Co.*, 199 Ga. 97, supra; and

*Kilby v. Sawtell,* 203 Ga. 256 (46 SE2d 117). All of these cases involve the rules recognized above that a subdivider may dedicate his property to such general plan or scheme of improvement as he sees fit and that, where he does so, the reservations and restrictions imposed by him are applicable to all who purchase land therein, whether original or remote grantees, and whether or not the wording of each deed is identical with that of the other. None of these cases, however, involves a large subdivision which has been dealt with by the subdivider according to separate plats or units except *Kilby,* and in that case only one plat and section of the overall subdivision was involved. Were such the case here a different result might well be reached. Other jurisdictions have dealt with the problem and reached the conclusion that where the overall intent, as shown by plats, deed restrictions, and other like evidence, appears to be not to develop a subdivision as a single contemporaneous unit but to develop it progressively by sections, there is "an explicit intent not to create a uniform system of reciprocal easements applicable to all sections but to develop a series of independent sections, each having its own restrictions benefiting only the lands in that section." Gammons v. Kennett Park Development Corp., 30 D.Ch. 525 (61 A2d 391, 19 ALR2d 1288). See also Craven County v. First Citizens Bank & Trust Co., 237 N.C. 502 (75 SE2d 620); Edwards v. Surratt, 228 S.C. 512 (90 SE2d 906); Humphrey v. Beall, 215 N.C. 15 (200 SE 918). In the absence of anything to show a contrary intent on the part of the subdivider, this accords with the general rule that restrictions on the free use of land are not to be implied except in clear and manifest cases. Since this subdivider platted his tract in three sections, placed different reservations on different sections, and sold one entire section, the use of which had been reserved in the original land use plat, to a developer for commercial purposes, and since these plaintiffs were on notice under the terms of the deed that the restrictions applicable to them were enforceable only as to lots within their own section plat, they show no right which would allow them to interfere with the agreement between parties to a sale of land in another plat or section to change or nullify restrictions on such land between

themselves. The restrictions were not made for the benefit of these plaintiffs. There is no quasi covenant or mutuality of interest between them and the defendants as to land uses of the undeveloped area, at least so long as the proposed land use is not one which directly threatens the plaintiffs' residential use. We do not mean that this decision is so broad as to cover any proposed land use, as, for extreme example, a nuclear power plant, but the existence of stores and filling stations is not necessarily incompatible with, and is often auxiliary to, adjacent residential uses, and the sole question for decision here is whether these plaintiffs can enforce the letter of a restriction which, under their own contentions, arises only by implication. No such right is shown by the allegations of the petition as amended.

The trial court did not err in sustaining the general demurrer and dismissing the action as to all defendants.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*