## 28615. BALES v. DUNCAN.

JORDAN, Justice. William Bales brought an action in the Gwinnett County Superior Court seeking a temporary and permanent injunction against the operation of a day care center, claiming that said operation was in violation of a restrictive covenant limiting the land use to residential purposes only.

The trial court in its ruling relied exclusively on the equitable doctrine of laches, and denied appellant's prayer for a temporary injunction. The relevant part of said order stated the following: "the court is of the opinion that plaintiff is barred from the relief he seeks because of his failure to commence suit to prevent the actions for which he sues until after he had stood by and watched defendant expend a large sum of money improving the property involved and failing to object to the use of said property. . ." Appellant timely appeals this judgment. *Held:*

1. Appellant's contention that the restrictive covenants recorded with the plat apply to appellee's land is not meritorious.

It appears from the record before us that appellee's land is included in the parcel of land recorded as Lake Windson Heights subdivision. All of the land in the subdivision is divided into numbered lots except the land owned by appellee and being used as a day care center. Appellee's land is designated on the recorded plat as "Tract A." The list of covenants and special stipulations recorded along with the plat refer to the property owners as "lot owner" and to all property singled out as some numbered lot. The covenants do not specifically or impliedly refer to a "Tract A" and the stated rule in this state is that when construing the applicability of a restrictive covenant to a questioned parcel of land a presumption will operate in favor of the free use of the land by its owner and any doubt will be resolved in favor of the owner. *Burch v. Ragan,* 92 Ga. App. 605 (89 SE2d 541); *England v. Atkinson,* 196 Ga. 181 (26 SE2d 431). In interpreting the intent of the subdivider, who was the original owner of the property in question, we find that "Tract A" was to be excluded from the overall scheme of the subdivision and not subject to the covenant restricting land use to residential purposes only. When the subdivider's intent clearly appears, such intent will be followed. *Reid v. Standard Oil Co.,* 107 Ga. App. 497 (130 SE2d 777).

2. The trial court disposed of the question here before us on the equitable doctrine of laches.

Even assuming that Tract A was included in the restrictions, the record shows that the appellant had actual knowledge of appellee's plans to convert his residence to a day care center, at least in August of 1972, when he attended a hearing on the question. However, he did not bring this action to enjoin said use until October 16, 1972, after the appellee had expended approximately $15,000 on the project. It has long been held that "the extraordinary equitable relief of injunction will be denied a party where, with full knowledge of his rights, he has been guilty of delay in asserting them, and has allowed large expenditures to be made by another party on whom great injury would be inflicted by the grant of the injunction." *Davies v. Curry*, 230 Ga. 190, 192 (196 SE2d 382) and cits.

Where a party is seeking a temporary injunction the trial judge is granted a wide latitude of discretion and he will not be reversed unless this discretion is manifestly abused. *Brooks v. Carter*, 216 Ga. 836 (120 SE2d 332). The trial court did not abuse that discretion here.

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs specially.*

ARGUED FEBRUARY 12, 1974 — DECIDED MARCH 7, 1974.

*Richardson, Chenggis & Constantinides, George G. Chenggis*, for appellant.

*Webb, Fowler & Tanner, Jones Webb, T. Michael Tennant*, for appellee.