## A96A1195. BENNETT v. MOODY.
(483 SE2d 350)

JOHNSON, Judge.

Walter Bennett filed a petition to find his neighbor, Ellen Moody, in contempt for failure to comply with the terms of a 1987 court order which required her to remove a single-wide mobile home from her property. He also sought damages and equitable relief with regard to other alleged violations of various restrictive covenants contained in her deed and Oglethorpe County's subdivision regulations. After a hearing, the trial court entered an order in favor of Moody, and Bennett appeals.

The trial court's order contains the following findings of fact. Moody owns 12.15 acres of land in rural Oglethorpe County. The deed by which she took title to the property contains three restrictive covenants. The first restriction regards setbacks and is not an issue in this case; the second covenant provides that no single-wide mobile home shall be allowed temporarily or permanently on the property; and the third covenant prohibits subdivision of a tract of less than ten acres but allows subdivision of any tract of land of ten or more acres, provided each resulting lot contains at least five acres. The trial court found no evidence that any single-wide mobile home was on Moody's property. The court also found that although there are three separate structures on the property (two double-wide mobile homes which are attached and two double-wide mobile homes which stand alone) there was no evidence of any subdivision of the property, either by conveyance to a third party or by recordation of a new plat.

The court concluded as a matter of law that the evidence presented did not establish that the county commissioners had adopted a Comprehensive Land Use and Development Plan either at the time two additional dwellings were placed on Moody's property or as of the date of the hearing in this case. The court found that the subdivision regulations, by their own terms, did not take effect in the absence of the adoption of the comprehensive plan and, therefore, the subdivision regulations were not in effect as of the date of the hearing. Oglethorpe County has no zoning ordinance or other regulation limiting the use of Moody's property. The trial court also concluded that Moody's use of her property did not violate the covenants contained in her deed.

In his pro se appeal, Bennett sets out six enumerations of error which collectively assert that the trial court erred in rejecting his position that Moody's use of her property violated the subdivision regulations of Oglethorpe County. The enumerations fail to comply with Court of Appeals Rule 27 (c) (3) (i) in that the alleged errors are not supported by specific reference to the record or transcript. Further, the enumerations do not point to distinct errors of law and do not set forth cogent argument and citation of authorities. See OCGA § 5-6-40; Court of Appeals Rule 27 (1), (3). "Our requirements as to the form of appellate briefs were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court. While our goal is to directly address the specific issues raised on appeal, where, as in the case sub judice, the contentions presented are argued generally, we must necessarily answer these issues in a similar fashion. [Cit.]" *Aldalassi v. Drummond*, 223 Ga. App. 192 (1) (477 SE2d 372) (1996). In deference to Bennett's status as a pro se appellant, we will consider his contentions.

Bennett argues that the subdivision regulations were in effect, if not at the time Moody moved a double-wide trailer on to her property in 1993, at least at the time of the hearing because the county had adopted a comprehensive land use and development plan. Bennett has attached a photocopy of a May 4, 1995 newspaper article which he asserts establishes that such a plan had been adopted by the county. This Court has often held that "[e]xhibits attached to an appellate brief but not appearing in the record transmitted by the trial court cannot be considered by this court and afford no basis for reversal. [Cit.]" *Taylor v. Bentley*, 166 Ga. App. 887 (2) (305 SE2d 617) (1983). Therefore, we cannot consider the newspaper clipping. But even if evidence had been presented at the hearing which would support Bennett's position regarding the proper adoption of the Comprehensive Land Use and Development Plan, however, we agree with the trial court that the subdivision regulations would not apply

because there is no evidence that Moody subdivided her property.[1]

Neither did Moody's use of her property violate the restrictive covenants contained in her deed. The covenant which prohibits subdividing into lots of less than five acres is inapplicable here because, as we have noted, there is no evidence that the property was subdivided. And while Moody's deed *could* have contained a restrictive covenant prohibiting the erection of any structures, other than a single dwelling on her property, it did not. "Covenants running with the land must be strictly construed and clearly established." *Columbia Valley Recreation Center v. Massie*, 223 Ga. 151, 152 (1) (154 SE2d 215) (1967). This principle mirrors the general rule that "the owner of land in fee has the right to use the property for any lawful purpose, and any claim that there are restrictions upon such use must be clearly established." (Citations and punctuation omitted.) *Reid v. Standard Oil Co. &c.*, 107 Ga. App. 497, 499 (1) (130 SE2d 777) (1963). The covenants in Moody's deed did not clearly establish that she could not place additional residences on her property, and the trial court did not err in so finding.

*Judgment affirmed. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 4, 1997.

Walter M. Bennett, *pro se.*
*Kardos, Warnes & McElwee, James C. Warnes II*, for appellee.

---

[1] If Bennett is arguing that Moody's use of her property constitutes a new subdivision, it appears that the subdivision regulations allow, in certain circumstances, the division of a tract of land into lots or parcels for use by the owner's immediate family. See Art. III, Sec. 3.1, Par. 43 (5).